BRONX BOROUGH TEACHERS' ASS'N v. BOARD OF EDUCATION.

(Supreme ·Court, Trial Term, New York County.   May, 1909.)

SCHOOLS AND SCHOOL DISTRICTS (§ 144\*)—COMPENSATION OF TEACHERS.

> Greater New York Charter, § 1091 (Laws 1901, p. 473, c. 466), providing that no female teacher of a mixed class shall receive less than $60 a year more than a female teacher of a girls' class of a corresponding grade and years of service, has reference only to teachers in the regular graded school work and does not entitle a kindergarten teacher to such additional compensation.
>
> [Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 144.\*]

Action by the Bronx Borough Teachers' Association against the Board of Education.   Complaint dismissed.

Decker, Allen & Storm, for plaintiff.

Francis K. Pendleton (Stephen O'Brien, of counsel), for defendant.

GREENBAUM, J.   Plaintiff, assignee of 35 kindergartners employed by the defendant, brings this action to recover a yearly bonus of $60, to which each of said kindergartners claims to be entitled during certain periods between January, 1904, and the date of the commencement of this action.   The complaint contains 35 alleged causes of action.   To facilitate the trial the parties have stipulated all the facts and have also stipulated that only the first alleged cause of action shall be tried, the determination thereof to conclude the parties as to the remaining 34 alleged causes of action.   Each of the assignors of the plaintiff was a fully licensed kindergartner, and as such was appointed in one of the public schools of the city of New York.   Plaintiff's claim is based upon section 1091 of the Greater New York Charter (chapter 466, p. 473, Laws 1901), popularly known as the "Davis law," which was designed to establish a uniform schedule of salaries for the supervising and teaching staff of the public schools in the city of New York.   The portion of the act bearing upon the controversy between the parties reads as follows:

> "No female teacher of a mixed class shall receive less than sixty dollars more than a female teacher of a girls' class of a corresponding grade and years of service."

Prior to January, 1904, the defendant paid to kindergartners the said compensation of $60 per annum.   On January 27, 1904, the defendant adopted a by-law, which reads as follows:

> "The term mixed class, as used in the Revised Charter, shall be understood to mean a class above the kindergarten, composed of both boys and girls, in which the aggregate number of days of attendance of the boys in such class for the month immediately preceding the preparation of the monthly pay roll shall have been not less than forty per cent."

Since the adoption of the foregoing by-law the defendant has discontinued payment to kindergartners of the said annual compensation of $60.   Defendant contends that section 1091 of the Greater New

York Charter does not guarantee kindergartners who are in charge of a class containing boys and girls the additional annual payment of $60, and that the board of education has the power to adopt the above-quoted by-law. A kindergartner is included among the teachers protected by the uniform salary provisions of chapter 1091, and in this respect she stands upon a different footing from that of teachers of special subjects, such as German, music, drawing, etc. Matter of Hulshoff, 118 N. Y. Supp. 1114, affirmed 130 App. Div. 903, 115 N. Y. Supp. 1139, 131 App. Div. 903, 115 N. Y. Supp. 1138. But notwithstanding a kindergartner comes within the provisions of the Davis law, it by no means follows that she is to be regarded as a "female teacher" within the meaning of the statute. The person described in the statute as a "female teacher" is to be distinguished from the kindergartner in that the former evidently relates to a female teacher of one of the graded classes in the public schools; whereas, the latter has reference to a special department in the public school system known as "kindergartner schools," in which apparently no grades exist, and where the children in a given class are usually composed of boys and girls of the ages of from four to six years. This distinction is made manifest from the language of various portions of the statute. Section 1069 of the charter reads:

"The board of education shall, in addition to the other powers herein expressly conferred, have power: (1) To establish and conduct elementary schools, kindergartens, manual training schools," etc.

Kindergartens are plainly here differentiated from elementary schools. Section 1097 reads:

"No person shall be eligible for election as a director of a special branch, such as music, drawing, kindergarten," etc.

Here we have an express statement that the kindergarten was considered by the Legislature as a special branch. The word "kindergartner" is not used synonymously with the words "female teacher," as note the comma after "kindergartner" in the act, and the phraseology "that no female teacher of a boys' or mixed class shall receive less than sixty dollars per annum more than a female teacher of a girls' class of a corresponding grade and of years of service," obviously referring to teachers of the graded classes. The history of kindergartens from the time when Froebel first introduced the method of preparing children for their future education by cultivating their "normal aptitude for exercise, play, observation, imitation and construction" (Webster's International Dictionary [Edition 1906]), indicates that it is an institution separate and apart from the system of graded schools which commence with the primary or elementary schools. Kindergartens have been established by the public school authorities with legislative sanction only since 1893. Chapter 484, p. 1060, Laws 1893. Reading section 1091 in the light of other sections of the statute and of the origin and history of the kindergarten system, it is clear that the provision for an additional annual compensation of $60 had reference only to female teachers who had charge of boys or mixed classes in the regular graded school work, and was

not intended to apply to kindergartners where the children were of tender age and customarily of both sexes.

It seems to me that the complaint must be dismissed on the merits. Complaint dismissed, accordingly.